FILED
CHARLOTTE, NC

MAY 19 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **DOCKET NO. 3:26-cr-105-KDB** |
| | ) | |
| | ) | **BILL OF INDICTMENT** |
| **v.** | ) | |
| | ) | **Violations:**   18 U.S.C. § 1951 |
| | ) |             18 U.S.C. § 924(c) |
| | ) |             18 U.S.C. § 2 |
| **NASEAN AATEEF WHITE** | ) | |
| | ) | |
| _____ | ) | |

## THE GRAND JURY CHARGES:

### COUNT ONE
*(Hobbs Act Robbery)*

On or about February 7, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

## NASEAN AATEEF WHITE,

aiding and abetting another, did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that he did unlawfully take and obtain United States currency and cigarettes belonging to the Circle K convenience store located at 9221 Albemarle Road, Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, all in violation of Title 18, United States Code, Sections 1951 and 2.

### COUNT TWO
*(Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence)*

On or about February 7, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

## NASEAN AATEEF WHITE,

aiding and abetting another, did knowingly possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count One of this Bill of Indictment, incorporated by reference herein.

It is further alleged that one or more firearms were brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT THREE
*(Hobbs Act Robbery)*

On or about February 10, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

## NASEAN AATEEF WHITE,

did knowingly and intentionally obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that he did unlawfully take and obtain United States currency and cellular phones belonging to the Mobile Bling Phone Repair store located at 8640 University City Boulevard, Charlotte, North Carolina, from the person and presence of an employee, against such employee's will, and by means of actual and threatened force, violence, and fear of immediate and future injury, all in violation of Title 18, United States Code, Section 1951.

## COUNT FOUR
*(Possession and Brandishing of a Firearm in Furtherance of a Crime of Violence)*

On or about February 10, 2026, in Mecklenburg County, within the Western District of North Carolina, the defendant,

## NASEAN AATEEF WHITE,

did knowingly possess a firearm in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Hobbs Act Robbery, a violation of Title 18, United States Code, Section 1951, as set forth in Count Three of this Bill of Indictment, incorporated by reference herein.

It is further alleged that said firearm was brandished, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 924, and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C).   The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

    a.  All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

    b.  All property used or intended to be used in any manner or part to commit or facilitate such violations;

    c.  All firearms or ammunition involved or used in such violations; and

    d.  If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause to believe that the following property seized in or about February 2026 during the investigation is subject to forfeiture on the grounds stated above:

    a.  One Gen 5 Glock 20 firearm, magazine, and ammunition;

    b.  One Palmetto Armory AR-15 firearm, magazine, and ammunition.

A TRUE BILL

███████████████

FOREPERSON

RUSS FERGUSON
UNITED STATES ATTORNEY

WILL WISEMAN
SPECIAL ASSISTANT UNITED STATES ATTORNEY